# CHARLESTON

MANN v. BRAZIE.

Submitted February 19, 1907.   Decided March 26, 1907.

1. FRAUDULENT CONVEYANCES—*Payment of Debt of Third Person.*
   One person pays liens binding land of another, or pays for improvements upon it. A creditor of the person so paying has no lien on such land, and cannot subject it to the payment of his debts, in the absence of fraudulent intent. (p. 615.)

Appeal from Circuit Court, Fayette County.

Petition of Payne & Hamilton and others in the case of Frank N. Mann against M. S. Brazie and others asking for a

settlement of the accounts of Brazie's administrator and to decree against his realty. From a decree for petitioners giving them no decree against the realty, they and others appeal.

*Affirmed.*

PAYNE & HAMILTON, and BERKELEY MINOR, JR., for appellants.

WALKER & SUMMERFIELD, for appellee.

BRANNON, JUDGE:

Payne & Hamilton, Payne & Payne and W. D. Payne filed a petition in the case of Frank N. Mann against M. S. Brazie and others. This petition states that the object of Mann's suit was to enforce against real estate of M. S. Brazie and H. W. Brazie liens set out in the bill. The petition then alleges that certain attorneys' fees were coming to petitioners for service for H. W. Brazie, M. S. Brazie and others; that money of H. W. Brazie had gone to pay liens and make improvements on the lot on which Hotel Altamont stood; that H. W. Brazie was dead leaving no personal estate. The petition asks a settlement of the accounts of Brazie's administrator, and that the petitioners' debts be decreed against the real estate of H. W. Brazie. The case went to a commissioner to settle the administrator's accounts and report debts against H. W. Brazie's estate. The decree gave the petitioners their debt against the administrator of Brazie, but gave them no decree against the reality. McNabb presented a claim for a debt against H. W. Brazie, but the commissioner did not report it, nor did the court decree it. The petitioners and McNabb unite in an appeal.

The petition presents three distinct demands each to a different firm and person. Objection is made that three claims cannot be united in one bill. The answer to this is that the petition is against a dead man's estate to subject personalty and realty to the payment of the debt. We take it that different creditors having separate demands can unite in a bill to subject the assets of a decedent to pay his debts. It is difficult to say just what this petition seeks. It does not distinctly say that H. W. Brazie owned any interest in Hotel

Altamont; but treat it as saying that M. S. Brazie and H. W. Brazie owned it. If so there is jurisdiction in equity to subject H. W. Brazie's interest to pay his debts. Again, other parts of the bill say that H. W. Brazie spent money in removing liens from the property, thus leaving the fair inference that he owned no interest in it, but that it belonged to another. If this is so we could not base jurisdiction on the theory of subjecting realty of a decedent to pay debts. As to the personalty the bill calls for a settlement of the account of the administrator and yet virtually says that the decedent owned no personalty. The jurisdiction is doubtful. Surely there is no jurisdiction in equity shown by the petition as to M. S. Brazie, and the Haptonstalls, as there is no lien against them shown. They were simple debts by open accounts against them.

The petition is very indefinite, indeed insufficient. It does not say clearly what realty was sought to be affected; but maybe we should say it was the lot on which Hotel Altamont stands. It does not say who owned it, unless we infer that H. W. and M. S. Brazie jointly owned it. The petition refers to the bill, but it is not in the record to help the petition. The record seems to show that the lot was in the name of M. S. Brazie, not in that of H. W. Brazie. So there is no error in not subjecting it as M. S. Brazie's property. In fact, the theory of the petition is that H. W. Brazie, the debtor of the petitioners, had used his money in paying liens on realty of another person, not saying whose, and that his creditors could go on that property to the extent of the liens paid by his money. This is not so. If a man chooses to pay the debts of his neighbor binding his land, his creditors cannot go on the land, no fraud being charged, and there is not in this case. It is true that if a person indebted applies his money in paying liens or making improvements on his wife's land, his creditors may subject his wife's land to the extent of the expenditure. *Humphrey* v. *Spencer*, 36 W. Va. 11. But the petition does not plainly say who owned the property or that its owner was the wife of H. W. Brazie. Nor does it say that at the time when H. W. Brazie's money was so applied petitioners' debts existed. The petition does not show facts calling for relief. It is doubtful whether the relief sought could be given in the Mann suit; but treat-

ing the petition as an original bill, as the petitioners claim it may be treated, it is more insufficient yet ·to call for relief.

As to the McNabb debt. The commissioner's report was not excepted to for omission to report it. It is argued that as now the commissioner must return evidence, and as there was evidence to prove this debt, it is error on the face of the report, and no exception was needed, We can not so hold. The return of evidence does not dispense with the call for exceptions as to matters involved in the evidence. And the evidence shows that the demand was not a debt of H. W. Brazie, but of C. O. Brazie, and no writing binds H. W. Brazie. Moreover the report and record show that H. W. Brazie left no estate out of which McNabb's debt could be paid, and a decree would be useless.

We affirm the decree.

*Affirmed.*